## HILL vs. BEHRENS.

*Sixth Judicial District Court, September,* 1857.

Default—Answer.

The plaintiff delaying to take judgment is equivalent to a consent to give the defendant further time to answer.

This is a motion of plaintiff's, for an order directing the clerk to enter the default of the defendant, and judgment against him.

————, for plaintiff.

————, for defendant.

Borts, J.—The papers in this case simply show that the summons was served on the 27th day of July, 1857, and that an answer was filed, signed by the defendant himself, on the 28th of August, 1857. It is admitted that the answer was filed before application for default or judgment.

It would perhaps be sufficient to ground the denial of this motion upon the fact, that whilst it, in terms, asks for an order against the clerk, based upon a supposed dereliction of duty that would carry costs, he has had no notice of it. But as the question upon the *ex parte* application has been fully discussed in the brief of the plaintiff's counsel, and as the only effect of the argument has been to satisfy me that the motion should have been denied, even if regularly made, I may as well take this occasion to dispose of this question of practice.

The authorities referred to are all from the State of New York, and

turn upon the construction of the peculiar provision of the code of that State. The 121st section of that code says that the answer must be served within twenty days after the service of a copy of the complaint, and the 201st section provides that judgment for the plaintiff may be had if the defendant fails to answer the complaint within that time.

Under these provisions it was held, in Foster vs. Udell, 2 Code Reporter, p. 30, that the defendant might answer at any time before the entry of the judgment, and I must confess that this seems to be the more liberal and reasonable construction of the statute. As Judge Daly remarks, the plaintiff delaying to take judgment is equivalent to a consent to give the defendant further time to answer.

A different conclusion was afterwards arrived at in Dudly vs. Hubbard, 2 Code Rep., 70. Edwards, J., declares that the defendant has twenty days to answer, and no more. But he says, " there is now no entry of default, it is entered by operation of the statute."

So in Mandeville vs. Winne, 1 Code Reports, N. S., 162, Parker, J., in deciding that the defendant is restricted to the twenty days, says, " No default is required to be entered at the expiration of that time, as was formerly the practice. If a rule for default was to be entered, it would probably be best to regard the time for answering as extending to the entry of the rule, and to hold the taking of the default as the evidence of the plaintiff's intention to terminate the time for answering."

Now it is only necessary to say that, by our practice act (see section 150) the default of the defendant is to be entered upon the application of the plaintiff, before he can have judgment, to show that the very authorities quoted by the learned counsel to sustain his motion, are directly against him.

Motion overruled.